The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Must a school district enter into a written contract with a substitute teacher who teaches in excess of thirty-five (35) days ? "2. Must a school district who enters into a written contract with a substitute teacher who teaches in excess of thirty-five (35) days, said contract being neither an annual nor a monthly contract, pay said substitute on a scale equal to that of a regular teacher or may the substitute teacher be paid in an amount as may be agreed upon in advance by the substitute teacher and the board of education?" The first regular session of the Thirty-Seventh Legislature of the State of Oklahoma enacted substantial amendments to 70 O.S. 6-105 [70-6-105] (1971). Prior to amendment, 70 O.S. 6-105 [70-6-105](b) (1971) stated in relevant part: "No substitute teacher shall be employed for a total period of time in excess of twenty (20) school days a school year unless he is a holder of a valid certificate and has a written contract . . . ." 70 O.S. 6-105 [70-6-105](b) (1979) now states: "No substitute shall be employed for a total period of time in excess by thirty-five (35) school days during a school year unless he or she is the holder of a valid certificate." All reference in 70 O.S. 6-105 [70-6-105](b) to a requirement for the existence of a written contract between the school district and the substitute teacher has been omitted. The amendment to 70 O.S. 6-105 [70-6-105](b) evidences a clear legislative intention to delete the requirement that school boards must enter into written contracts with substitute teachers where the teacher teaches in excess of a specified number of days during a school year. Generally speaking, therefore, a written contract between a substitute teacher and a school district or school board is not required by law even though the substitute teacher may teach in excess of thirty-five (35) school days during a school year. Our conclusion in this regard is tempered somewhat by the continued existence of the provisions of 70 O.S. 6-105 [70-6-105](c) (1979), which were not amended in the last session of the legislature and continue to provide: "Any substitute or cadet teacher employed in any school system on a monthly or annual basis shall hold a certificate and have a written contract in the manner and under the same conditions as for regular teachers." Thus, should a school district intend to employ or attempt to employ a substitute teacher on an annual basis or on a monthly basis as opposed to on an on-call basis, there must be a contract of employment entered into between the substitute teacher and the school district. If the substitute teacher is not employed on an annual or monthly basis, the compensation of the substitute teacher is determined by the terms of the agreement entered into between the substitute teacher and the board of education for the school district or as may be regulated by the rules and regulations of the school district board. Title 70 O.S. 6-105 [70-6-105](a) (1979), states in pertinent part: ". . . A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher and the board of education or in accordance to regulations of the board." As previously noted, however, the foregoing does not apply to substitute teachers who are employed on a monthly or annual basis. Monthly or annually employed substitute teachers are entitled to the same compensation as regular teachers. Therefore, it is the official opinion of the Attorney General that your questions be answered as follows: 1. A school district need not enter into a written contract with a substitute teacher who teaches in excess of thirty-five (35) days in a school year unless the substitute teacher is employed on a monthly annual basis. 2. The compensation of a substitute teacher is a matter of agreement between the substitute teacher and the school district employing said substitute teacher unless the substitute teacher is employed on a monthly or annual basis in which case compensation of the substitute teacher must be the same as the compensation for regular teachers. (JOHN F. PERCIVAL) (ksg)